UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| JOHN C SNYDER, # 615363, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:25-cv-00058 |
| | ) |
| WILLIAM K. CATHER, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

John Snyder, who is currently in custody at the Morgan County Correctional Complex in Wartburg, Tennessee, filed a pro se complaint alleging that the attorneys who represented him in his state-court prosecution were constitutionally ineffective.[1] (Doc. No. 1). Snyder later filed an Amended Complaint, which is now the operative complaint in this action. (Doc. No. 10). As explained below, this action will be dismissed because this Court lacks jurisdiction to adjudicate Snyder's claims outside the context of habeas corpus.

### I. FILING FEE

Snyder has filed an Amended Application for Leave to Proceed In Forma Pauperis ("Amended IFP Application") (Doc. No. 8). Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Snyder's Amended IFP Application and supporting documentation, it appears that he lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, the Amended IFP Application (Doc. No. 8) will be granted.

---

[1] Snyder brought this action in the United States District Court for the Eastern District of Tennessee. (See Doc. No. 13) (transferring action to Middle District of Tennessee).

Under § 1915(b), Snyder nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Snyder is hereby **ASSESSED** the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Snyder's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Snyder's account; or (b) the average monthly balance in Snyder's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Snyder's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Snyder's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Snyder's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the Morgan County Correctional Complex to ensure that the custodian of

Snyder's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Snyder is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this Order follows Snyder to his new place of confinement for continued compliance.

## II. SCREENING STANDARDS

The Court must conduct an initial review and dismiss the Complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. Review of the Complaint to determine whether it states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Hill v. Lappin, 630 F.3d 468, 470−71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally construed, Erickson v. Pardus, 551 U.S. 89, 94 (2007), the plaintiff must still "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Iqbal, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009).

## III. ALLEGATIONS AND CLAIMS

Snyder names four Defendants: William Cather, John Gholson IV, Robert MacPherson, and Tyler Whitaker. (Doc. No. 10 at 6). These Defendants are all attorneys who represented Snyder at various stages of his state-court criminal prosecutions. (Id. at 8−11). Snyder alleges that he was coerced into pleading guilty in two Tennessee criminal cases due to trial counsel's alleged ineffective assistance. (Id.)

Snyder asserts that his conviction violates his Sixth Amendment right to counsel and his Fourteenth Amendment right to due process. (Id. at 11−12). He further asserts that counsel was negligent and breached their fiduciary duty to their client. (Id. at 13−16).

Snyder seeks compensatory and other damages. (Id. at 15−16).

IV. ANALYSIS

"Criminal defense attorneys are not considered state actors for purposes of suit under 42 U.S.C. § 1983. Thus, regardless of whether Plaintiff might be able to bring malpractice claims against these attorneys in state court, he cannot bring suit against them in federal court for violation of his federal constitutional rights." Pearson v. Mooris, No. 3:15-cv-0578, 2015 WL 3540857, at *2 (M.D. Tenn. June 3, 2015); see Polk Cnty v. Dodson, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").

Here, all the named Defendants were Snyder's criminal defense attorneys, and the allegations relate to their alleged failures in that capacity. (Doc. No. 10 at 8−11). Snyder cannot bring claims based on these allegations in a Section 1983 action. Because Snyder has failed to allege facts from which the Court may infer that any Defendant acted under color of state law, his federal constitutional claims against all Defendants will be dismissed for failure to state a claim upon which relief may be granted.

Snyder asserts no other basis for federal jurisdiction. To the extent he seeks to bring state-law claims against Defendants, the Court declines to exercise supplemental jurisdiction over those claims. The Court has discretion to retain supplemental jurisdiction over these claims even after dismissing all claims over which the Court has original jurisdiction. See 28 U.S.C. § 1367(c)(3) (providing that "district courts may decline to exercise supplemental jurisdiction" in such

circumstances). However, the "'general rule'" is that when all claims over which the Court has original jurisdiction are dismissed before trial, "'the federal district court should relinquish jurisdiction over the supplemental claim[s].'" Black v. Mt. Pleasant Tennessee Police Dep't, No. 1-14-00087, 2015 WL 4459158, at *9 (M.D. Tenn. July 20, 2015) (quoting Van Harken v. City of Chicago, 103 F.3d 1346, 1354 (7th Cir. 1997)). Here, there is no apparent basis to deviate from the general rule. Accordingly, the Court declines to exercise supplemental jurisdiction over Snyder's remaining claims. These claims will be dismissed without prejudice.

## V. CONCLUSION

The Amended IFP Application (Doc. No. 8) is **GRANTED**.

Snyder's Section 1983 claims are **DISMISSED** for failure to state a claim upon which relief may be granted. Any state-law claims are **DISMISSED** without prejudice based on the Court's decision not to exercise supplemental jurisdiction over those claims.

Snyder's Petition to Find the Facts (Doc. No. 17) and Motion for Status Update (Doc. No. 19) are **DENIED** as moot.

This Order resolves all claims in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

Any appeal from this Order would not be taken in good faith, because Snyder has no objectively reasonable argument that his claims were improperly dismissed. *See* Fed. R. App. P. 24(a)(3)(A).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE